UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06-CV-00095-R

**PATRICK GAUNCE, et al.**                                                                                  **PLAINTIFFS**

v.

**K. DEAN WERTZ**                                                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss (DN 67). Plaintiffs have responded (DN 68) and Defendant has replied (DN 73). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

On or about June 9, 1995, Plaintiffs Patrick Gaunce, James S. Hunsaker, Jane Ann Hunsaker Terry, Stephen S. Hunsaker, Ruel Houchens and Defendant K. Dean Wertz formed P.H. Investors, LLC "for the purpose of owning, leasing, managing and operating a strip shopping center located in Middletown, Ohio and/or developing investment property of all kinds, including real estate and interests in real estate." (Pls. First Am. Compl. ¶ 9.) At the time P.H. Investors was formed, Plaintiffs and Wertz agreed that Wertz would be the initial managing member. (*Id.*) Subsequently, Plaintiffs and Wertz entered into a written "Operating Agreement." (*Id.*)

On or about April 26, 2005, Plaintiffs met with Wertz in Glasgow, Kentucky to confront him about his management of the company. (*Id.* ¶ 14.) At the meeting, Plaintiffs and Wertz agreed that Gaunce, Jane Hunsaker Terry and Wertz would serve as co-managers of the company and that no action would be taken without the affirmative vote of the majority of the managers.

Plaintiffs allege that subsequent to both the execution of the Operating Agreement and the meeting in Glasgow Wertz undertook certain business ventures in excess of his authority under the Operating Agreement, and concealed such matters from Plaintiffs.  (*Id.* ¶¶ 11-13.)  They state that these actions constituted a breach of the Operating Agreement.  (*Id.* ¶ 19.)  Plaintiffs further contend that the transactions wrongfully utilized the company's assets for entities which either Wertz controls or has an interest, for his own personal interest in violation of his agreement with Plaintiffs, and to their detriment.  (*Id.* ¶ 19.)  They state that Wertz owed fiduciary duties of good faith, loyalty, honesty and fair dealing toward the company and Plaintiffs.  (*Id.* ¶ 25.)

Wertz argues that Plaintiffs' breach of fiduciary duty claims and the claims for breach of the Operating Agreement that allegedly occurred before the meeting in Glasgow fail as a matter of law.  He has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above

the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

A.   *Breach of Fiduciary Duty Claims*

Plaintiffs claim that Wertz breached his fiduciary duties to Plaintiffs by acting against their best interests and the best interests of the company, and by utilizing assets for personal purposes. (Pls. First Am. Compl. ¶ 9.) Wertz argues that he did not owe Plaintiffs any fiduciary duties because under Kentucky law a member of a limited liability company does not owe his fellow members fiduciary duties. He also argues that neither Kentucky law nor the Operating Agreement created a fiduciary duty to satisfy the verbal demands made by Plaintiffs at the meeting in Glasgow. Plaintiffs argue that the law treats the members of a member-managed limited liability company as if they were general partners of a partnership with respect to the fiduciary duties owed by each member to the others.

There is no case law that specifically discusses whether a member or manager in a limited liability company formed under KRS Chapter 275 owes any fiduciary duties to the other

members in the company. However, the statute does set forth the liability of management for certain conduct and member's duties as members in a managed limited liability company. KRS § 275.170. Section 275.170(1) states that, "[u]nless otherwise provided in a written operating agreement . . . A member or manager shall not be liable, responsible, or accountable in damages or otherwise to the limited liability company or the members of the limited liability company for any action taken or failure to act on behalf of the limited liability company unless the act or omission constitutes wanton or reckless misconduct." Therefore, pursuant to the statute governing limited liability companies in Kentucky, Plaintiffs may not bring a breach of fiduciary duty claim against Wertz, but may bring a claim for wanton or reckless misconduct if the facts support it.

      B.    *Breach of Contract Claims*

Plaintiffs also claim that Wertz's actions constituted a breach of the Operating Agreement. Specifically, Plaintiffs argue Wertz violated section 6.01, which states that "Members have the exclusive right to manage the Company's business" and that "[n]o contract, obligation or liability of any kind or type can be entered into on behalf of the Company by any Member other than a Member or an officer of the Company acting with the consent of a majority interest." Article I of the Operating Agreement defines the majority interest as "one or more Members holding more than 50% of the Units." Because Wertz did not act with the consent of a majority interest, Plaintiffs argue that he breached the Operating Agreement.

Wertz argues that because a majority interest agreed that he would be the managing member, he had the exclusive right to manage the company's business. Wertz also argues that because Plaintiffs state in their complaint that they met in Glasgow to solidify the rights and

4

responsibilities of all parties, they concede that at a minimum his actions before the Glasgow meeting were taken with Plaintiffs' consent. In response, Plaintiffs contend that any agreement that Wertz would be the managing member did not vest him with the sole authority to manage the company, or allow him to act without the consent of a majority interest. They state that Wertz, as the managing member, did not have *carte blanch* to treat his assets as his own, or to further his personal financial interests at Plaintiffs' expense.

The plain language of section 6.01 of the Operating Agreement states that any member must have the consent of the majority interest to enter into a contract, obligation or liability of any kind. Plaintiffs allege that Wertz did not have the consent of the majority interest before taking the disputed actions. These facts are enough "to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S. Ct. at 1974. Therefore, whether Wertz's role as managing member gave him the authority to take certain actions without the consent of the majority interest cannot be resolved in a motion to dismiss.

Finally, Plaintiffs assert that implicitly in the Operating Agreement, Wertz agreed to make available to the Plaintiffs an accounting of his activities relating to the company, and that he has breached this agreement by failing to make such an accounting. Wertz states that this claim has no merit because the contract does not require him to provide an accounting of his activities to the other members on demand. Plaintiffs do not respond to Wertz's argument or explain how there is such an implicit requirement in the Operating Agreement.

The Court "must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence*, 188 F.3d 691. Doing so, the Court finds that Plaintiffs have alleged "sufficient factual allegations to give the defendant fair notice

concerning the nature of the claim and the grounds upon which it rests." *Bell Atl. Corp.*, 127 S. Ct. 1965. Therefore, whether there is an implicit requirement in the Operating Agreement for Wertz to provide Plaintiffs an accounting on demand cannot be resolved in a motion to dismiss.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' breach of fiduciary duty claims are dismissed; Plaintiffs' breach of contract claims may proceed.